UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Hartford, CT
01-cr-224
THOMPSON

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 0.23 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT http://www.ca2.uscourts.gov/), THE PARTY CITING THE SUMMARY ORDER MUST FILE AND SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED. IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand and seven.

Present:   ROSEMARY S. POOLER,
           REENA RAGGI,
                    Circuit Judges,
           LEONARD B. SAND,
                    District Judge.*



UNITED STATES OF AMERICA,

           Appellee,

-v-                                                    (04-1723)

JUAN BERROA-NUNEZ, also known as Emeliano Baldomar,

           Defendant-Appellant.

Appearing for Appellant:   John A. Cirando, D.J. & J.A. Cirando, Syracuse, NY.

Appearing for Appellee:   H. Gordon Hall, Assistant United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from the United States District Court for the District of Connecticut (Thompson, J.).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,**

---

* The Honorable Leonard B. Sand, United States District Judge for the Southern District of New York, sitting by designation.

-ISSUED AS MANDATE: 3/5/07

**AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED** in part and **REMANDED** in part.

Juan Berroa-Nunez appeals his conviction for conspiracy to distribute cocaine as well as his sentence, which included a 130-month term of imprisonment. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

Berroa-Nunez's challenge to his guilty plea as neither knowing nor voluntary fails because the district court took great care to assure that Berroa-Nunez understood he had a maximum sentencing exposure of forty years and that any Guidelines range estimate his attorney may have given him could be mistaken, thus satisfying its obligations under Federal Rule of Criminal Procedure 11(b)(1)(H). Berroa-Nunez, therefore, cannot demonstrate plain error or even error. See United States v. Dominguez Benitez, 542 U.S. 74, 80 (2004) (holding that where a defendant fails to challenge his plea in district court, he must establish plain error).

The district court was allowed to consider hearsay evidence in determining the drug quantity for which Berroa-Nunez was liable. See United States v. Martinez, 413 F.3d 239, 243 (2d Cir. 2005). Further, some portions of the testimony given by the witness at Berroa-Nunez's sentencing hearing were based on personal knowledge, and the witness's testimony was subject to cross-examination and, to some extent, corroborated by documentary evidence. Therefore, the testimony bore more than the "minimal indicia of reliability" necessary for the consideration of hearsay in a sentencing proceeding. Id. at 244.

Berroa-Nunez's claim that the district court did not require the government to establish drug quantity by the preponderance of the evidence is belied by the record, which demonstrates that the district court credited the testimony of the only witness who testified at the sentencing hearing.

Because the district court sentenced Berroa-Nunez prior to United States v. Booker, 543 U.S. 220 (2005), and our first decision applying Booker, United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), it reasonably treated the Guidelines as mandatory. A Crosby remand is thus required.

For the reasons we have discussed, we affirm Berroa-Nunez's conviction and reject his challenges to the district court's Guidelines calculations. We remand this case to the district court for proceedings consistent with Crosby, 397 F.3d at 119-20. Any appeal taken from the district court's decision on remand can be initiated only by filing a new notice of appeal. See Fed. R. App. P. 3, 4(b).

A TRUE COPY
Thomas W. Asreen, Acting Clerk
by _____
DEPUTY CLERK

FOR THE COURT:
Thomas Asreen, Acting Clerk
By: _____

2